NOT DESIGNATED FOR PUBLICATION

No. 121,240

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS D. BENNE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed April 24, 2020. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Thomas Benne appeals the district court's decision to revoke his probation and order that he serve the remainder of his nine-month jail sentence for a misdemeanor conviction. He says the district court should have given him another chance at probation so that he could get substance-abuse and domestic-violence treatment. By sending him to jail, he argues, the court abused its discretion. But Benne finished serving his sentence more than a year ago, so this court's decision would have no effect on him. We therefore dismiss his appeal as moot.

Benne received probation in 2014 following his misdemeanor conviction for violating a protective order, a domestic-violence offense. The district court imposed an underlying jail sentence of nine months that Benne would have to serve if his probation

was ever revoked. After Benne violated his probation in 2015, the district court ordered him to spend 60 days in county jail and extended his probation by a year.

But Benne violated his probation again. He stopped reporting to his probation officer in early 2016, so he never completed probation. Then in 2018, Benne pleaded no contest to two new crimes, domestic battery and criminal property damage. Based on Benne's new crimes, the district court revoked Benne's probation, gave him credit for the 108 days he'd spent in custody for this case, and ordered him to serve the remainder of his underlying nine-month jail sentence.

On appeal, Benne says that the district court should have given him another chance at probation so that he could complete a batterer-intervention class and get substance-abuse treatment. By sending him to prison instead, Benne says the district court abused its discretion.

The State counters that Benne's appeal is moot because he has now served his jail sentence. Mootness is a court policy against deciding inactive disputes. Without a live controversy, any opinion we issue would not affect the rights of the parties. So when the record conclusively shows that the parties' dispute has ended, we usually dismiss the case as moot to avoid rendering an advisory opinion. Although we sometimes decide a moot issue of public importance that's capable of repetition in other cases, neither party suggests that exception applies here. *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012).

Benne doesn't acknowledge that he's already finished serving his jail sentence, but the record before us makes it clear that he has—he began serving what was left of his nine-month jail sentence nearly two years ago in May 2018. Yet he didn't file his motion for summary disposition of this sentencing appeal until December 2019, after he would have completed serving the sentence. So any opinion we issue about the appropriateness

2

of the court's decision would not affect Benne's rights, and his appeal is therefore moot. See 295 Kan. at 844 ("We cannot change the sanction imposed for the probation violation because the prison term that [the defendant] was ordered to serve has been completed.").

But even if the appeal were not moot, we would affirm the district court's decision. We would do so because a district court has discretion to revoke probation in a misdemeanor case once a violation had been established. See K.S.A. 2019 Supp. 22-3716(b)(3)(B)(iii). And unless the district court has made a legal or factual error (which isn't alleged here), we will set aside its discretionary decision only if no reasonable person could agree with the court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Nothing unreasonable took place here. Benne had already received a 60-day jail sanction for failing to report to his probation officer, make court payments, and find employment. He then stopped reporting to his probation officer for two years and committed domestic battery while still on probation for a domestic-violence offense. Based on that, a reasonable person could agree with the district court that Benne wasn't a good candidate to continue on probation.

On Benne's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After reviewing the record available to the sentence court, we find that Benne's appeal is moot because he has already served his jail sentence.

We therefore dismiss Benne's appeal as moot.